# EXHIBIT A



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**January 30, 2020 19:05**

By: MATTHEW L. ALDEN 0065178

Confirmation Nbr. 1931204

JOE L. TOTTEN, SR.                                   CV 20 928751

     vs.

JAVITCH BLOCK LLC, ET AL                    **Judge:**  WANDA C. JONES

**Pages Filed:**  12

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| Joe L. Totten, Sr.<br>1764 E. 232nd Street<br>Euclid, Ohio  44117, | )<br>)<br>) | Case No.: |
| | ) | Judge: |
| Plaintiff, | )<br>) | **Complaint for Money Damages and** |
| | ) | **Injunctive Relief** |
| v. | )<br>) | **Jury Demand Endorsed Hereon** |
| Javitch Block, LLC<br>c/o Brian Block, s/a<br>1100 Superior Avenue<br>19th Floor<br>Cleveland, Ohio  44114, | )<br>)<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| Midland Funding NCC-2 Corporation<br>c/o Corp. Serv. Co., s/a<br>251 Little Falls Drive<br>Wilmington, Delaware  19808, | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

For his Complaint against the Defendants Midland Funding NCC-2 Corporation and Javitch Block LLC, Plaintiff Joe L. Totten, Sr. states as follows:

**Preliminary Statement**

1.     This is an action for actual, statutory and punitive damages brought by Totten against Midland Funding NCC-2 Corporation and Javitch Block ("the Defendants", "Midland Funding NCC-2 Corporation" and "Javitch Block") for their violations of the Fair Debt Collection Practices Act and the Ohio Consumer Sales Practices Act in connection with their unlawful

collection activity on a consumer debt.

## Jurisdiction and Venue

2.      This Court has jurisdiction over this matter pursuant to Oh. Rev. Code § 1345.04, 15 U.S.C. §1692k(d), and Oh. Rev. Code § 2305.01.

3.      Venue in this county is proper under Oh. R. Civ. P. 3(B)(1) & (6) because the acts complained of occurred in Cuyahoga County.

## Parties

4.      Totten is a "consumer" as that term is defined in the Fair Debt Collection Practices Act and the Consumer Sales Practices Act.

5.      Midland Funding NCC-2 Corporation is a debt buyer and debt collector.  Midland Funding NCC-2 Corporation is a Delaware for-profit corporation believed to be headquartered in California.

6.      The principal business purpose of Midland Funding NCC-2 Corporation is the collection of defaulted consumer debt.  As a debt buyer, Midland Funding NCC-2 Corporation purchases delinquent or charged-off accounts for a fraction of the value of the debt.

7.      Although Midland Funding NCC-2 Corporation pays only pennies on the dollar for the debt, it typically attempts to collect the full amount claimed by the original lender.

8.      For the purposes of this complaint, unless otherwise indicated, "Midland Funding NCC-2 Corporation"  means all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Midland Funding NCC-2 Corporation.

9.      Upon information and belief, Defendant Javitch Block LLC is a Cleveland, Ohio based law firm incorporated as an Ohio limited liability corporation with its principal place

of business being located in Cuyahoga County, Ohio.

10.     Javitch Block LLC's primary practice area is the collection of defaulted consumer debt.

11.     For the purposes of this complaint, unless otherwise indicated, "Javitch Block LLC" means all agents, employees, officers, equity-holders, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Javitch Block LLC.

12.     None of the Defendants lend money to consumers and none is a creditor.

13.     Upon information and belief, Midland Funding NCC-2 Corporation, from 2006 and continuing into the time of the filing of this lawsuit, using debt collection firms such as Javitch Block, has filed hundreds of thousands of collections lawsuits throughout the country with little or no substantive documentation that a consumer actually owes a debt.

14.     Upon information and belief, a significant portion of Midland Funding NCC-2 Corporation's revenue is generated by collecting on default judgments that are granted by courts in lawsuits filed against consumers.

**Background**

15.     At no time has Totten owed money to Midland Funding NCC-2 Corporation for any debt owed to Midland Funding NCC-2 Corporation directly or for any defaulted debt purchased by Midland Funding NCC-2 Corporation.

16.     In October, 2019, Totten received service of a motion to revive a default judgment that had been entered against him in 2006 in the matter styled as *Midland Funding NCC-2 Corp. v. Joe Totten*, Cuyahoga County Court of Common Pleas Case No.: CV-06-601460.

17.     When the Defendants filed Case No. CV-06-601460, they attached nothing to the

complaint showing that Totten owed a debt to Midland Funding NCC-2 Corporation other than a self-serving, boilerplate "corporate record" affidavit.

18.     As set forth in the attached affidavit marked as Exhibit A, at no time prior to 2019 was Totten aware of the lawsuit or judgment entered against him in Case No. CV-06-601460.

19.     Immediately upon learning that the Defendants were trying to collect a debt from him that he does not owe in Case No. CV-06-601460, Mr. Totten paid a retainer to a lawyer who, on October 19, 2019, filed and served a motion to vacate the default judgment entered in Case No. CV-06-601460 on Midland Funding NCC-2 Corporation through its lawyers at Javitch Block LLC.

20.     On October 19, 2019, Mr. Totten's lawyer also filed a brief in opposition to Midland Funding NCC-2 Corporation's motion to revive the default judgment entered in Case No. CV-06-601460.

21.     Later, in November, 2019, Javitch Block, on behalf Midland Funding NCC-2 Corporation, informed the court in Case No. CV-06-601460 that Midland Funding NCC-2 Corporation would not oppose Mr. Totten's motion to vacate and that the motion to revive the judgment would be withdrawn.

22.     Once the default judgment in Case No. CV-06-601460 was withdrawn, Mr. Totten needed to file an answer to the complaint in Case No. CV-06-601460.

23.     Mr. Totten's answer was filed in Case No. CV-06-601460 on November 21, 2019.

24.     Mr. Totten's lawyer then prepared and served discovery to Midland Funding NCC-2 Corporation.  A notice of service of discovery was docketed in Case No. CV-06-601460 on November 21, 2019.

25.     Those requests sought all documents, witness names, and any other data or information Midland Funding NCC-2 Corporation had in its possession that purportedly formed the basis for the claims made against him in Case No. CV-06-601460.

26.     Thereafter, the court in Case No. CV-06-601460 set an in-chambers case management conference, which Mr. Totten's lawyer attended on December 17, 2019.

27.     At the December 17, 2019 case management conference, the court set a discovery cut-off date and a trial date.

28.     Although Midland Funding NCC-2 Corporation issued written discovery to Mr. Totten, which he responded to, Midland Funding NCC-2 Corporation never responded to Mr. Totten's written discovery requests in Case No. CV-06-601460.

29.     Instead, after Mr. Totten's lawyer emailed Javitch Block LLC asking that Midland Funding NCC-2 Corporation's responses to Mr. Totten's discovery requests be provided since they were well past-due, Javitch Block LLC dismissed Case No. CV-06-601460 on behalf of Midland Funding NCC-2 Corporation on January 23, 2020.

30.     In short, the Defendants sued Totten in 2006 at an address he hadn't lived at for about 10 years and when challenged to provide any substantiating documents or witnesses that could prove that Totten owed the debt, the Defendants refused to do so and dismissed the case.

31.     The Defendants were hoping Totten would make a settlement offer on a debt that they either knew or should have known that he did not owe and that they could not prove that he owed.

32.     The Defendants are routinely sued for their violations of the Fair Debt Collection Practices Act and have been the subject of numerous consumer complaints made to the Consumer Financial Protection Bureau.

33.     Mr. Totten had to spend money for legal fees to defend himself from the Defendants' attempts to collect money from him for a debt he does not owe and is justifiably concerned that, having dismissed the case without prejudice, Defendants' illegal collection attempts may resume at some point in the future.

### Claim 1:  Violations of the Ohio Consumer Sales Practices Act
### (Both Defendants)

34.     All prior paragraphs are incorporated into this claim by reference.

35.     Mr. Totten is a "consumer" as defined by the Ohio Consumer Sales Practices Act, Oh. Rev. Code § 1345.01(D).

36.     The Defendants are each a "supplier" as defined by the Consumer Sales Practices Act, Oh. Rev. Code §1345.01(C).

37.     The Defendants are directly engaged in the business of effecting "consumer transactions" by purchasing defaulted consumer credit accounts in the case of Midland Funding NCC-2 Corporation and by collecting on defaulted consumer credit accounts in the case of Javitch Block LLC.

38.     The Defendants committed unfair, deceptive and unconscionable acts or practices in violation of Oh. Rev. Code §§ 1345.02(A) and/or 1345.03(A) of the Consumer Sales Practices Act by attempting, beginning in 2006 and continuing to 2019, to collect a debt from him that he does not owe.

39.     Because of the Defendants' actions in willfully suing Totten in 2006 at an address he had not lived at since 1996, fraudulently concealing the fact that he had been sued from him, and depriving him of any reasonable notice and opportunity to preserve and present his claims in 2006, some or all of his claims were equitably tolled from 2006 until the filing of this lawsuit.

40.     The Defendants made false and misleading representations prohibited by 15 U.S.C

§1692e as set forth in the court file for Case No. CV-06-601460.  Various documents in Case No. CV-06-601460 falsely claim or imply that Mr. Totten owes a debt to Midland Funding NCC-2 Corporation, when in fact he owes no such account.

41.     The Defendants engaged in unfair, unconscionable, and deceptive practices in violation of 15 U.S.C. §1692f by attempting to collect a debt from Mr. Totten that he does not owe.

42.     These violations of the Fair Debt Collection Practices Act are also violations of the Ohio Consumer Sales Practices Act.

43.     Such acts and practices have been previously determined by Ohio courts to violate the Consumer Sales Practices Act, Oh Rev. Code §§1345.01 to 1345.99.

44.     Midland Funding NCC-2 Corporation and Javitch Block committed the violations after such decisions were available for public inspection pursuant to Oh. Rev. Code § 1345.05(A)(3).

45.     Specifically, the following cases have held that similar unfair and deceptive acts and practices violate the Ohio Consumer Sales Practices Act:  *In The Matter of United Collection Bureau, Inc.*, State Of Ohio, Office of the Attorney General Consumer Protection Section, Docket No.:  36490 (August 12, 2010) (PIF # 10002890) and *Becker v. Montgomery, Lynch* (N.D. Oh. 2003), Case No.: 1:02 CV 874 (PIF#1002153).

46.     The Defendants knowingly committed the unfair, deceptive, and unconscionable acts and practices.

47.     As a direct and proximate result of the Defendants' unfair, deceptive, and unconscionable acts and practices, Mr. Totten incurred damages in amounts to be proven at trial in excess of $25,000.00.

48.     The Defendants' actions in this matter have been willful and malicious or have been undertaken with such reckless disregard of Mr. Totten's rights that malice may be inferred, subjecting the Defendants to liability for punitive damages.

7

### Claim 2:  Violations of the Federal Fair Debt Collection Practices Act
### (Both Defendants)

49.     All prior paragraphs are incorporated into this claim by reference.

50.     Mr. Totten is a "consumer" as defined by the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692a(3).

51.     The Defendants are "debt collectors" as defined by the FDCPA at 15 U.S.C. §1692a(6) because the Defendants regularly use the instrumentalities of interstate commerce to collect defaulted consumer debts, or, alternatively, the principal business of each of the Defendants is the collection of consumer debts.

52.     The Defendants are not consumer lenders and were not the original creditor on the account for which Midland Funding NCC-2 Corporation sued Mr. Totten.

53.     Upon information and belief, the account on which Midland Funding NCC-2 Corporation filed suit against Mr. Totten on arose out of a transaction which was primarily for personal, family or household purposes as defined by the FDCPA at 15 U.S.C. §1692a(5).

54.     Because of the Defendants' actions in willfully suing Totten in 2006 at an address he had not lived at since 1996, fraudulently concealing the fact that he had been sued from him, and depriving him of any reasonable notice and opportunity to preserve and present his claims in 2006, some or all of his claims were equitably tolled from 2006 until the filing of this lawsuit.

55.     The Defendants made false and misleading representations prohibited by 15 U.S.C §1692e as set forth in the court file for Case No. CV-06-601460.  Various documents in Case No. CV-06-601460 falsely claim or imply that Mr. Totten owes a debt to Midland Funding NCC-2 Corporation, when in fact he owes no such account.

56.     The Defendants engaged in unfair, unconscionable, and deceptive practices in violation of 15 U.S.C. §1692f by attempting to collect a debt from Mr. Totten that he does not owe.

57.     As a direct and proximate result of the Defendants' violations of the Fair Debt Collection Practices Act, the Defendants are liable to Mr. Totten in the sum of Mr. Totten's actual damages, statutory damages, costs, and attorneys' fees in an amount in excess of $25,000.00.

### Prayer for Relief

Wherefore, Plaintiff Joe L. Totten, Sr. prays for judgment against Defendants Midland Funding NCC-2 Corporation LLC and Javitch Block LLC as follows:

58.     On Claim 1, for the following monetary, declarative, and equitable relief:

a.    money damages equal to 3 times Plaintiff's actual damages in an amount in excess of $25,000.00 or $200.00 for each unlawful act specified, whichever is greater, pursuant to Oh. Rev. Code §1345.09(B);

b.    For punitive damages in excess of $25,000.00;

c.    For an amount of money equal to the costs of this action and Plaintiff's reasonable attorneys' fees pursuant to Oh. Rev. Code §1345.09(F)(2);

d.    For an order declaring that the Defendants in acts and practices in violation of the Ohio Consumer Sales Practices Act; and

e.    For a permanent injunction enjoining the Defendants and their agents, servants, employees, successors or assigns, and all persons acting in concert and participation with them, directly or indirectly, through any corporate device, partnership, or other association, under their trade names or any other name, from engaging in the acts and practices described in this Complaint in the State of Ohio until complying with the laws of the State of Ohio and satisfaction of any monetary obligations to Plaintiff.

59.     On Claim 2, for an amount of money equal to Plaintiff's actual damages, statutory

damages pursuant to 15 U.S.C. §1692k, and his costs and attorney fees pursuant to 15 U.S.C.

§1692k;

60.     For pre-judgment and post-judgment interest; and

61.     For any and all other legal or equitable relief to which Plaintiff may be entitled.

**Demand for a Jury Trial**

62.     Pursuant to Oh. R. Civ. P. 38, Plaintiff demands a trial by jury on all contested issues of

fact.

                        Respectfully submitted,


                        /s/ Matthew L. Alden
                        Matthew L. Alden (0065178)
                        Luftman, Heck & Associates LLP
                        2012 West 25th Street
                        Suite 701
                        Cleveland, Ohio  44113-4131
                        Phone:  216-586-6600
                        Fax:     216-539-9326
                        malden@lawlh.com

                        Counsel for Plaintiff Joe L. Totten, Sr.

State of Ohio,           )
                             )   SS:
County of Cuyahoga.   )

# Exhibit A

### Affidavit of Joe L. Totten, Sr.

Being first duly cautioned and sworn, Joe L. Totten, Sr. deposes and states as follows:

1.  My name is Joe L. Totten, Sr.  I am an adult over the age of 18 and I make this sworn statement based upon my personal knowledge, information, and beliefs.

2.  The address listed for me in the lawsuit filed against me by Midland Funding NCC-2 Corporation was 13706 McElhatten, Cleveland, Ohio  44110.

3.  I was not living at the McElhatten address when the lawsuit was filed.

4.  I moved from the McElhatten address in 1996.

5.  From McElhatten, I moved to Lakeshore Boulevard in Euclid and lived there from about 1996 to 2003.

6.  In 2003, I moved to 1764 E. 232nd Street, Euclid, Ohio  where I currently live.

7.  I never received the complaint, summons, or motion for default filed in this matter by certified mail, regular mail, or any other method at any address where I've lived.

8.  I first became aware of this lawsuit in early October, 2019 when I received notice of the motion to revive the judgement at my current address, 1764 E. 232nd Street, Euclid, Ohio  44117.

9.  As soon as I determined that a lawsuit and judgment had been entered against me against me I contacted a lawyer on October 18, 2019.

Affiant says nothing further.

Joe L. Totten, Sr.

Sworn to and subscribed in my presence this ___19th___ day of ___October___, 2019.

MATTHEW L. ALDEN
ATTORNEY AT LAW
NOTARY PUBLIC    Notary Public, State of Ohio
STATE OF OHIO
My Comm. Has No
Expiration Date
Section 147.03 R. C.